UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIANCA O. BUSH, on behalf of
K.H.,
Plaintiff,

v.                                    CASE NO. 8:24-cv-2663-KKM-TGW

FRANK BISIGNANO,
COMMISSIONER OF SOCIAL SECURITY[1],
Defendant.

_____/

## REPORT AND RECOMMENDATION

The plaintiff seeks judicial review of the denial of her claim for supplemental security income payments on behalf of her young son.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, I recommend that the decision be affirmed.

I.

K.H. was six years old at the time the application was filed (Doc. 12-2, p. 19). The plaintiff, who is the child's mother, has filed an application for Social Security Supplemental Security Income alleging disability beginning on September 1, 2017 (Tr. 67, 209-218). She alleges that the child is disabled due to Turcot syndrome, receptive and expressive language delay, fine motor delay, severe allergies, and having adenoids

_____

[1] Frank Bisignano is the acting Commissioner of Social Security and should be substituted as the defendant. See Fed. R. Civ. P. 25(d).
[2] The parties have not consented in this action to the exercise of jurisdiction by a United States Magistrate Judge.

removed (Tr. 223-224). The claim was denied initially on March 30, 2022, and upon reconsideration on March 20, 2023.

The child's mother, at her request, received a de novo hearing before an administrative law judge (Tr. 33-66). Following the hearing, the law judge found that the child has severe impairments of speech and language delay, Turcot Syndrome (rectal polyps) and fine motor delay (Tr. 18). The law judge concluded, however, that the child "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926)." The law judge also determined that the child "does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a)." The law judge, therefore, determined that the child was not disabled, as defined in the Social Security Act, since April 20, 2021, the date the application was filed (20 C.F.R. § 416.924(a)). Thereafter, the plaintiff sought review from the Appeals Council which denied review on September 13, 2024 (Tr. 1-6). Thus, the law judge's decision became the Commissioner's final decision. Consequently, the plaintiff seeks review of that decision.

II.

Similar to the approach taken with adults, the Commissioner assesses child disability claims under a sequential analysis. 20 C.F.R. § 416.924(a). The first step is to determine whether the child is working at substantial gainful activity. 20 C.F.R. § 416.924(b). If not, the second step asks whether the child has a severe impairment. 20 C.F.R. § 416.924(c). If he does not, the child is considered not disabled. Id. If there is

2

a severe impairment, the third, and final, step in the analysis is to determine whether the child has an impairment that meets, medically equals, or functionally equals, a set of criteria in the Listing of Impairments in Appendix 1. 20 C.F.R. § 416.924(d). If the child does, then he is deemed disabled. 20 C.F.R. 416.924(d)(1). If he does not, then he will be found not disabled. 20 C.F.R. § 416.924(d)(2).

As with claims by adults, a determination by the Commissioner that a child is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies…may be reversed…only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence but is limited to determining whether the record contains sufficient evidence to permit a reasonable

3

mind to conclude that the child is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied, and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The child has been found not disabled in three prior decisions issued by the Social Security law judges dating back to 2018 (Tr. 59-112). In this action, the fourth Social Security disability decision, the law judge found that the child has severe impairments of speech and language delay, Turcot Syndrome (rectal polyps) and fine motor delay (Tr. 18), but concluded that he was not disabled. The plaintiff argues that the law judge erred in assessing: (1) the persuasiveness of the prior administrative medical findings, (2) the child's ability to attend and complete tasks, (3) the child's ability to interact and relate to others, and (4) the child's ability to move about and manipulate objects (Doc. 19, p. 13). None of the plaintiff's arguments warrants reversal of the law judge's decision because they are all meritless.

A. As indicated, the plaintiff asserts that the law judge erred in assessing the persuasiveness of the prior administrative medical findings (id. at p. 14). This argument is baseless.

The law judge considered the record as a whole and reasonably concluded that the child had less than marked limitations in all domains of functioning (Tr. 17-25). This determination is consistent with the plaintiff's hearing testimony that the child received A's and B's, despite having attention deficit hyperactivity disorder ("ADHD"), recent education records showing that the child received passing grades and had not been held back a grade level, and the questionnaire from the child's kindergarten teacher noting

4

that she observed no problems in five out of the six domains (Tr. 48, 50, 275-282, 295, 322-326). This ascertainment was also congruent with the prior administrative medical findings' ("PAMF") noting that the child either had "no limitation" or "less than marked" limitation in each functional domain (Tr. 71-72, 80-81). Thus, the law judge's decision was reasonable and supported by substantial evidence.

There are six categories of factors that can be used by the law judge in assessing a medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(c). Consistency and supportability are the most important factors, and the law judge must articulate how he considered both of those factors. 20 C.F.R. § 416.920c(b)(2).

The plaintiff acknowledges that the law judge addressed the consistency of the PAMF's but argues that he never addressed supportability (Doc. 19, p. 16). Supportability is the supporting explanations presented by a medical source to support his or her medical opinion(s) or prior administrative medical finding(s). 20 C.F.R. § 416.920c(c)(2). This argument should be rejected because the law judge properly discussed the supportability of the PAMFs because he noted that after "thoroughly reviewing the record," the doctors concluded that the child's impairments "impose no more than a less than marked degree of limitation in any of the functional domains" and their findings are generally supported by the medical record (Tr. 25). The law judge's assessment was sufficient because he discussed several of the records the state agency consultants, Dr. Mannis and Dr. Rodriguez, relied upon when forming their assessment (Tr. 19-20, 22-25) including the child's education records showing A's and B's, Kathleen Linares'("Ms. Linares"), a speech pathologist's, report indicating that the child was

"distractible" and struggles to sit still, a teacher's questionnaire showing that the child underwent a colonoscopy in 2018, and statements from the plaintiff (Tr. 19-20, 22-25, 70-72).

However, "[t]he regulations do not require an exhaustive discussion of the evidence when evaluating the consistency and supportability of an opinion." Koehler v. Kijakazi, No, 2:22-CV-210-JES-KCD, 2023 WL 1098234, at *6 (M.D. Fla. Jan. 30, 2023). In discussing some of the evidence cited by the state agency consultants to support their findings, the law judge adequately addressed the supportability factor, particularly in explaining why the child had less than marked limitations in each domain.

Furthermore, the law judge did not rely solely on the state medical consultants' opinions; in fact, the law judge explicitly rejected some of their assessments, finding greater limitations than those suggested. *Romero on behalf of K.S. Q. v. Saul*, No. 619CV02381ACCJRK, 2021 WL 664132, at *11 (M.D. Fla. Feb. 3, 2021), *report and recommendation adopted sub nom. Romero v. Commissioner of Social Security*, No. 619CV2381ORL22DCI, 2021 WL 662236 (M.D. Fla. Feb. 19, 2021). State agency consultants, Dr. Mannis and Dr. Rodriguez, reviewed the record at the initial level and found the child had "No Limitation" caring for himself. In contrast, the law judge concluded that the child had "less than marked," which indicates greater limitations in the domains of functioning (Tr. 21, 71-72). Additionally, the law judge identified greater limitations than those noted by Dr. McKenzie and Dr. Willet, who reviewed the record at the reconsideration level and found "No Limitation" in each domain of functioning (Tr. 21, 80-81). Furthermore, the teacher's questionnaire is consistent with recent education records indicating that the child received passing grades and had not been held back a

grade level (Tr. 19, citing Tr. 282, 295, 322-326). This aligns with the plaintiff's hearing testimony, which stated that the child received almost straight A's (Tr. 22, referring to Tr, 48).

Although the plaintiff alleged that the child struggled to focus, use a pen, button a shirt, tie shoelaces, and experienced rectal bleeding due to polyps (Tr. 54-55), the law judge noted the absence of medication and the success of treatments as factors that contributed to his findings of less than marked limitations in each of the domains (Tr. 21-25, referring *see e.g.*, Tr, 49-52, 296, 549, 552, 554, 587, 603-605). Thus, contrary to the plaintiff's argument, the law judge did not adopt the PAMFs but instead chose to impose greater limitations based upon a comprehensive review of the evidence.

B. The plaintiff also argues that the law judge erred in assessing the child's ability to attend and complete tasks (Doc. 19, p. 17). Here, the plaintiff is clearly mistaken. Substantial evidence supports the law judge's finding that the child had less than marked limitations in attending and completing tasks (Tr. 21, 23). The domain of attending and completing tasks looks at how well a child can focus and maintain attention, begin, carry through, and finish activities, avoid impulsive thinking, and manage time. Holland v. Commissioner of Social Security, 842 Fed. Apps.344, 348 (11th Cir. 2021) citing 20 C.F.R. § 416.926a(h).

The law judge reviewed the hearing testimony, observing that the plaintiff vaguely described the child as struggling to focus, attributing this to ADHD (Tr. 23, referring to Tr. 49-50). However, the law judge pointed out that the child was not taking any medication for ADHD and still received passing grades in all his classes (Tr. 22, referring to Tr. 48-52). Additionally, the child's teacher reported no issues with attending

and completing tasks (Tr. 22, citing Tr. 277). Ms. Linares conducted a consultative examination and described the child as "distractible" and struggling to sit still (Tr. 23, citing Tr. 663). However, the law judge explained that some of the most recent education records describe the child's "self-control" and "attentiveness" as satisfactory (Tr. 23, citing Tr. 296), which accounts for why Ms. Linares' observations were not consistent with other evidence in the record.

The law judge also indicated that the state agency consultants found either less than marked limitation or no limitation in attending and completing tasks (Tr. 23, citing Tr. 71, 80). Based on the hearing testimony and a thorough review of the record, the law judge concluded that the child had less than marked limitations in the domain of attending and completing tasks (Id.).

Nevertheless, the plaintiff cites to various treatment notes and argues that the law judge misstated and ignored pertinent evidence when determining the child's ability to attend and complete tasks (Doc. 19, pp. 18-20). Even if the plaintiff's argument were true, which it is not, the decision would still be supported by substantial evidence. The Eleventh Circuit has found a child's academic record relevant to their ability to attend and complete tasks. Here, the child consistently received A's and B's and C's so it was reasonable for the law judge to find that he had less than marked limitations in the domain (Tr. 21, 23). *See* Robinson o/b/o N.R. v. Commissioner of Social Security, No. 8:21-CV-02448-JSS, 2023 WL 1781683, at *7 (M.D. Fla. Feb. 6, 2023).

Moreover, the fact that the plaintiff can point to some evidence that may contradict the law judge's decision is not a basis for remand, because "the narrowly circumscribed nature of our appellate review...precludes us from re-weighing the

evidence or substituting our judgment for that of the Commissioner even if the evidence preponderates against the decision." Moore v. Barnhart, 405 F.3d 1208, 1213 (11th Cir. 2005). Thus, the court need not reweigh the evidence.

C. The plaintiff's next contention is that the law judge erred in assessing the child's ability to interact and relate with others. This domain considers how well a child can initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others (Tr. 23, citing 20 C.F.R. § 416.926a(i). Interacting and relating with others encompasses all aspects of social interaction in various settings, including home, school, and the community (Id.). The law judge properly concluded that the child had less than marked limitation in this domain (Tr. 21, 23).

There are two ways a child can exhibit marked limitations in the domain of interacting and relating with others: (1) by being a significant behavior problem, being loud, aggressive, obnoxious, acting out, hitting others, and interfering with others' activities; or (2) by being shy, uncommunicative, and keep to oneself. 20 C.F.R. § 416.926a(I)(3). The law judge analyzed the hearing testimony and noted that the plaintiff did not describe the child as experiencing any major problems in this area (Tr. 23). In particular, the law judge observed that the child did not require discipline at home or at school (Id.) and the child's school records indicated "satisfactory marks in terms of respect for authority and being 'courteous to other students'" (Tr. 23, citing Tr. 324). Additionally, the teacher reported that the child had no issues in this domain (Tr. 23, citing Tr. 278) and Ms. Linares noted that the child's cooperation and emotional

9

regulation were within normal limits (Tr. 23, referring to Tr. 663). Treatment notes from occupational therapy further describe the child as "cooperative" (Tr. 23, citing Tr. 527). Even the plaintiff acknowledged that the child was not reluctant to interact with peers (Tr. 47). Furthermore, the state agency consultants found either less than marked limitation or no limitation in the child's ability to interact and relate with others (Tr. 23, citing Tr. 71, 81). Thus, the law judge concluded that "[b]ased on hearing testimony and a thorough review of the record, the undersigned finds that the [child] has a less than marked limitation in the functional domain of interacting and relating with others." (Id.).

D. In her final argument, the plaintiff asserts that the law judge erred in evaluating the child's ability to move about and manipulate objects. This domain considers how well a child moves their body from one place to another and how they move and manipulate things (Tr. 24, citing 20 C.F.R. § 416.926a(j)). There are two ways of having limitations through: (1) gross motor activities, or (2) fine manipulation.

Even though the plaintiff described the child as struggling using a pen, buttoning a shirt, or tying shoelaces, and testified that he participated in occupational therapy to overcome the deficits, the teacher noted that he had no more than slight problems in moving about and manipulating objects (Tr. 24, citing Tr. 279). Also, the occupational therapy treatment notes describe the child as using his upper body to navigate a rock wall (Tr. 24, citing Tr. 587) and describe the child's range-of-motion and muscle strength and tone as within normal limits (Tr. 24, citing Tr. 549). Additionally, the state agency consultants found either less than marked or no limitation moving about and manipulating objects (Tr. 24, citing Tr. 71, 81).

The plaintiff argues that the law judge focused only on the child's gross

10

motor skills and ignored evidence regarding his fine motor problems (Doc. 19, p. 27); however, that is not accurate. The law judge considered the state agency consultants' evaluation finding less than marked limitations moving about and manipulating objects (Tr. 24, referring to Tr. 71). The PAMFs were relevant to the analysis because Dr. Mannis and Dr. Rodriguez noted that the child was receiving occupational therapy for handwriting and motor coordination and that his fine motor skills were 5.2-6.11 (Tr. 71, referring to Tr. 518). However, Dr. Rodriguez noted that the teacher only found a slight problem with mobility and manipulation (Tr. 71). Since the law judge found the PAMFs "mostly persuasive" and adopted the doctors' findings, they provide substantial support for the law judge's determination. Moreover, it is notable that the developmental notes from the visit indicate that the plaintiff's fine motor skills were "NORMAL" (Tr. 549). The clinician also noted that the child brushes his teeth, gets sufficient exercise, and has appropriate screen time (Tr. 548). This evidence provides additional support for the law judge's determination that the child had less than marked limitations moving about and manipulating objects (Tr. 21, 24).

IV.

In all events, the law judge fully considered the plaintiff's impairments, and substantial evidence supported the law judge's findings and conclusions that the plaintiff was not disabled within the meaning of the Social Security Act. For the foregoing reasons, the decision of the Commissioner is correct. I, therefore, recommend that the decision be affirmed.

Respectfully submitted,

11

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: January 25, 2026

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).