# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BIANCA O. BUSH, on behalf of K.H.,

     Plaintiff,

v.                                Case No. 8:24-cv-2663-KKM-TGW

FRANK BISIGNANO, COMMISSIONER
OF SOCIAL SECURITY,

     Defendant.

---

## ORDER

On January 26, 2026, the United States Magistrate Judge recommended that I affirm the Commissioner's decision to deny Plaintiff Bianca Bush's claim on behalf of K.H., Bush's minor son. R. & R. (Doc. 34). Bush timely objects. Objs. (Docs. 35, 36).[1] Considering the record, I overrule Bush's objections, adopt the Report and Recommendation for the reasons stated below, and affirm the Commissioner's decision.

## I.    BACKGROUND

On April 20, 2021, Bush applied on behalf of K.H. for supplemental security income, alleging that K.H. has been disabled since September 1, 2017. (Doc. 12-2) at 18. On March 1, 2024, an administrative law judge (ALJ) denied

---

[1] At the direction of the Clerk's Office, Bush refiled her objections. Thus, there are two identical filings that contain her objections. *See* (Docs. 35, 36).

the application, and the Social Security Administration's Appeals Council affirmed the ALJ on September 13, 2024. *See id.* at 2. On November 15, 2024, Bush sought review of the ALJ's decision in this Court. Compl. (Doc. 1).

Bush averred that the ALJ erred in assessing the persuasiveness of the prior administrative medical findings (PAMFs) and K.H.'s abilities in attending and completing tasks, interacting and relating with others, and moving about and manipulating objects. *See* Pl.'s Br. (Doc. 19) at 13–14. After reviewing the record, the Magistrate Judge concluded that the ALJ's decision was supported by substantial evidence and there was no reversible error. *See* R. & R. at 1.

## II.    LEGAL STANDARD

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

### III.   ANALYSIS

Bush's objections are almost entirely a restatement of the arguments in her initial brief. Rather than identify specific errors by the Magistrate Judge, Bush repeats her arguments regarding the ALJ's alleged errors. *See generally* Objs. Indeed, significant portions of the objections are copied verbatim from her initial brief. *Compare id.* at 2–7, *with* Pl.'s Br. at 14–15, 18–19, 22–23. These " 'objections' are thus procedurally improper." *Barnett-Menzer v. Saul*, No. 19-63005-CIV, 2021 WL 1206387, at \*4 (S.D. Fla. Mar. 31, 2021). I need to consider Bush's earlier arguments regarding the ALJ only as part of my de novo review of the Magistrate Judge's legal conclusions. Restating her earlier arguments does not raise specific objections that require responses. *See United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

The closest that Bush comes to raising a specific objection is her contention that both the ALJ and the Magistrate Judge "relied on the unsupported opinions of the PAMFs." Objs. at 6, 8–9. Bush then argues that "[t]hey should not be allowed to be a substitute for these failures of the ALJ's decision." *Id.* Bush does not elaborate on this contention. As part of her

3

argument in her initial brief that the ALJ erred in assessing the persuasiveness of the PAMFs, Bush contended that "[t]he ALJ never assessed [the] supportability" of the PAMFs as required by 20 C.F.R. § 416.920c. *See* Pl.'s Br. at 16; *see also id.* at 12. I interpret Bush's conclusory objection that the ALJ and the Magistrate Judge relied on the unsupported opinions of the PAMFs as raising the same argument regarding supportability.

In general, the Magistrate Judge concluded that Bush's attack on the ALJ's assessment of the PAMFs was "baseless." R. & R. at 4. On the point of supportability, the Magistrate Judge rejected Bush's argument "because the [ALJ] properly discussed the supportability of the PAMFs because he noted that after 'thoroughly reviewing the record,' the doctors concluded that the child's impairments 'impose no more than a less than marked degree of limitation in any of the functional domains' and their findings are generally supported by the medical record." *Id.* at 5 (quoting (Doc. 12-2) at 26). As the Magistrate Judge noted, the ALJ then discussed the records that the doctors "relied upon when forming their assessment," and thus the PAMFs. *See id.*; (Doc. 12-2) at 26. I agree with the Magistrate Judge's conclusions regarding the ALJ's consideration of the supportability factor. "The regulations do not require an exhaustive discussion of the evidence when evaluating the consistency and supportability of an opinion." *Koehler v. Kijakazi*, No. 2:22-CV-210-JES-KCD, 2023 WL 1098234, at *6 (M.D. Fla. Jan. 30, 2023). The ALJ's

4

discussion of the supportability was sufficient. Bush's bald objection provides no reason to conclude otherwise. I overrule Bush's objection.

In the absence of any other objections, and after reviewing the factual allegations and legal conclusions, I adopt the Report and Recommendation. The Commissioner's decision to deny Bush's claim on behalf of K.H. is affirmed.

Accordingly, it is **ORDERED**:

1. Bush's Objections to the Magistrate Judge's Report and Recommendation (Docs. 35, 36) are **OVERRULED.**

2. The Magistrate Judge's Report and Recommendation (Doc. 34) is **ADOPTED** and made a part of this Order for all purposes.

3. The decision of the Commissioner is **AFFIRMED**.

4. The Clerk is directed to **ENTER JUDGMENT** in favor of the Commissioner and against Bush, **TERMINATE** any pending motions and deadlines, and **CLOSE** the case.

**ORDERED** in Tampa, Florida, on February 12, 2026.

Kathryn Kimball Mizelle
United States District Judge

5